## Rouleau v. P. Hughes & Son et al.

*John E. Kehoe*, for plaintiff; *George H. Detweiler*, for defendant.

LEWIS, J., Aug. 4, 1930.—This is an appeal from a decision of the Workmen's Compensation Board awarding compensation to the claimant, Rouleau. The referee refused to award any compensation, but this finding was reversed by the board.

The facts of this case are as follows:

The claimant, Rouleau, in apparent good health, was, on June 27, 1928, pursuing his usual course of employment with P. Hughes & Son as chauffeur and piano mover, at which employment the claimant had worked for periods totaling five years. On this day claimant, with two other men, was delivering a piano. While the empty piano case was being taken through a window, claimant was jammed against the wall, and immediately thereafter experienced pain in the stomach. He went to a drug store for some medicine, and upon examining himself found a lump. The same afternoon claimant visited

a doctor, and upon the pain becoming more severe, that night he was taken to a hospital, where very early the next morning he was operated upon for strangulated hernia. It further appears that claimant informed defendant's foreman twice by telephone within an hour after his injury that he had severe pains, and talked with the foreman about them around noon of the day of the accident, the pains having begun about 9.30 or 10 in the morning. After a hearing, the referee found:

1. That the claimant while in the act of delivering a piano at a home in Philadelphia was "jammed" (which the referee finds was a "severe strain");

2. That the descent of the hernia immediately followed the severe strain;

3. That the claimant suffered actual pain in the hernial region of such severity that he was unable to continue his work, and, further, that the pain manifestations were of such severity that the same were immediately noticed by the claimant.

The referee found that the claimant had not communicated to his employer or a representative of his employer the manifestations of the injury within forty-eight hours after the occurrence of the accident, as required by section 306 (g) of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186.

The defendant company filed certain exceptions to the findings of fact of the referee, while the claimant appealed to the Workmen's Compensation Board from the refusal of the referee to recommend an award. The Workmen's Compensation Board dismissed the exceptions of the defendant and reversed the conclusion of the referee that the notice required by section 306 (g) had not been given, and allowed an award to the claimant.

From this award the defendant appealed, filing exceptions, alleging that the Workmen's Compensation Board erred in sustaining the findings of fact of the referee and in reversing the disallowance of the award by the referee.

Section 306 (g), as added to the Workmen's Compensation Act by the Act of April 13, 1927, P. L. 186, reads as follows:

"Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

It will be noted that the referee found the testimony to comply with all the requirements of the act except the notice within forty-eight hours after the occurrence of the accident. The exceptions by the defendant raise the question whether these findings of the referee which were sustained by the Workmen's Compensation Board can be upheld. The purpose of this section of the act is to protect employers from unfounded claims for injuries sustained resulting in hernia. It is clear that the burden of proof is upon the claimant to show that hernia was the immediate result of the injury, and this burden has been further increased by the requirement of conclusive proof. The defendant company claims that the testimony of the surgeon who examined the claimant permits a conclusion that the injury might have started a year ago. We have examined the record, and we believe that the conclusion of the referee as sustained by the Workmen's Compensation Board is correct. We believe the facts present conclusive proof of the findings of the referee. The

exceptions of the defendant company to the findings of fact of the referee and of the Workmen's Compensation Board are overruled.

The next question concerns itself with a difference of opinion between the referee and the Workmen's Compensation Board as to proper construction of the requirement of the act that "the manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident." The referee stated that this section of the act requires a claimant to bring home to the employer within forty-eight hours not only the fact of the immediate descent of the hernia and actual pain, but he must also advise his employer of the cause, the act or acts of employment from which the sudden effort or severe strain resulted. "If this were not true," the referee states, "the very purpose of prompt communication to the employer would be defeated. . . . Surely the manifestations to be communicated to the employer should include the cause which is alleged to have immediately preceded the descent of hernia and produced it." The opinion of the Workmen's Compensation Board holds this is a reading into the act of something which is not there. "All that the act requires is that the manifestations be reported to the employer. It does not require the employee to detail the exact manner in which the accident happened." The Workmen's Compensation Board concludes that by notifying the defendant company's foreman of his sudden illness and of the lump which appeared, the claimant satisfied the requirements of the act.

The views of the referee in his interpretation of this section would require that for a claimant to obtain compensation he must not only communicate that he has had an injury, but the exact nature of the injury and the circumstances which gave rise thereto within forty-eight hours after it has occurred.

The testimony in this case shows that the claimant informed the foreman that he was ill almost immediately after he first felt the pains; that later the further manifestations of the injury, the appearance of the lump and sickness, were orally described to the foreman, but the evidence does not show that the claimant was able accurately to describe the cause which gave rise to the injury.

In our opinion, the manifestations referred to in the act do not include a description of the cause which gave rise to the injury. The word "manifestations" can only refer to the effects of the injury. The act merely prescribes certain necessary evidences which must appear before hernia will be compensable. It requires as the first evidence an immediate descent of the hernia; second, actual pain in the hernial region; and, third, that the claimant must have immediately observed and felt the first and second evidences and given notice thereof to his employer. We believe that it is sufficient compliance with the act that the claimant communicated to the foreman notice of the pain immediately following his perception of it, and that he exhibited the "lump" to the foreman. It must be remembered, also, that there is evidence that the foreman was informed the morning after the injury that the claimant had been operated on for strangulated hernia.

The purpose of the act is to give employers immediate notice of any injury in order to protect them from false claims for compensation. In the present case, the employer had ample notice that the claimant was injured during the time of his employment and that this injury resulted in hernia. Not only have the specific requirements of the act been complied with, but the spirit of the act and its purpose will be sustained by the allowing of this award.

All defendants' exceptions to the award of the Workmen's Compensation Board are dismissed, the award affirmed, and judgment is entered in favor of the plaintiff and against the defendant for $135, representing total disability of $15 per week for nine weeks to Sept. 7, 1928, and for $15 per week dating from Sept. 7, 1928, and continuing during the claimant's partial disability and until such disability changes in extent or entirely ceases, in accordance with the award of the board.